UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES ALEXANDER, | ) | CASE NO. 1:19CV234 |
| | ) | |
| Petitioner, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | Magistrate Judge George J. Limbert |
| v. | ) | |
| | ) | |
| WARDEN CHAE HARRIS, | ) | INTERIM REPORT AND |
| Lebanon Correctional Institution, | ) | RECOMMENDATION OF |
| | ) | MAGISTRATE JUDGE |
| Respondent. | ) | |
| | ) | |

On January 30, 2019, Petitioner James Alexander ("Petitioner"), through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging four grounds for relief. ECF Dkt. #s 1, 1-1. On June 13, 2019, Respondent Warden of the Lebanon Correctional Institution, in Lebanon, Ohio ("Respondent"), filed a return of writ. ECF Dkt. #7.

On October 3, 2019, Petitioner, through counsel, filed the instant motion to stay proceedings in abeyance pending a ruling by the Ohio Supreme Court in *State v. Patrick*, 2019-0655. ECF Dkt. #8. Petitioner argues that the ruling in *Patrick* could impact his case. *Id.* at 2. Respondent opposed Petitioner's motion to stay on January 6, 2020. ECF Dkt. #12. On January 8, 2020, Petitioner filed a reply. ECF Dkt. #14. For the following reasons, the undersigned recommends that the Court DENY Petitioner's motion to stay.

**I.    FACTS**

On August 31, 2015, a Cuyahoga Grand Jury issued a 17-count indictment charging then 17-year-old Petitioner and his adult co-defendant, following the shooting death of one victim and the shooting of that victim's brother. ECF Dkt. #1-1 at 1; #7 at 6. After being jointly tried with his co-defendant, Petitioner was found guilty on all counts and specifications and was sentenced to an aggregate prison term of 56 years to life with the possibility of parole. ECF Dkt. #1-1 at 1–2; #7 at 7.

Petitioner raised the instant habeas third and fourth grounds for relief, regarding ineffective assistance of appellate counsel, in his Ohio App. R. 26(B) application to reopen. ECF Dkt. #1-1 at 3–4; #7 at 9. Petitioner's counsel failed to timely file his appeal of the appellate court's unfavorable ruling to the Supreme Court of Ohio, and it therefore, declined to accept jurisdiction. Pursuant to Ohio Civ. R. 60(B), Petitioner asked the Eighth District Court of Appeals to reissue its decision on the application to reopen so that Petitioner could timely seek leave to appeal in the Supreme Court of Ohio. The Eighth District denied that motion on March 14, 2018. ECF Dkt. #1-1 at 4; #7 at 10.

Petitioner raised four grounds for relief in his habeas corpus petition filed on January 30, 2019. ECF Dkt. #1. As his fourth ground for relief, Petitioner submits the following: "Appellate counsel was ineffective for failing to challenge O.R.C. 2929.02(A) as prohibited under the [Eighth Amendment] where it requires the trial court to impose a life sentence even where the offender is a juvenile." *Id.* at 11. In his return of writ, Respondent argues that Petitioner's habeas relief should be denied because Petitioner procedurally defaulted ground four by failing to properly present it to the Ohio Supreme Court. ECF Dkt. #12 at 1; #7 at 31–33; *see also Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013) ("[A] claim [may be] procedurally defaulted where state-court remedies have been exhausted within the meaning of § 2254, but where the last reasoned state-court judgment declines to reach the merits because of a petitioner's failure to comply with a state procedural rule."). Alternatively, Respondent avers that this ground for relief fails on the merits because trial counsel alerted the trial court to Petitioner's juvenile status and, in any event, the U.S. Supreme Court held that life without parole or death sentences were constitutionally problematic for juveniles, not indefinite sentences of life with parole eligibility, which is the sentence Petitioner received. ECF Dkt. #12 at 1–2; #7 at 35–40.

In a separate matter, the Supreme Court of Ohio accepted jurisdiction on July 23, 2019 over an appeal to consider the following proposition of law:

> Imposition of any life imprisonment sentence upon a juvenile offender without taking into consideration factors commanded by the Eighth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Constitution of Ohio violates those provisions.

2

ECF Dkt. #8 at 2 (citing *State v. Patrick*, 2019-0655[1]). Mr. Patrick, like Petitioner, was 17 years old when the offenses were committed. ECF Dkt. #14 at 2. After being found guilty by a jury, Mr. Patrick was sentenced to 33 full years to life imprisonment with parole eligibility. *Id.* Petitioner claims that the Court's decision in *Patrick* will have a direct bearing on his case because his fourth ground for relief concerns the same underlying constitutional issue, despite being couched in terms of an ineffective assistance of appellate counsel claim. *Id.* at 1–2.

## II. LAW AND DISCUSSION

Petitioner seeks a stay of his habeas petition, arguing that the Court's decision in *Patrick* "is likely to impact [Petitioner's] case and render at least one of his grounds for relief moot." *Id.* Petitioner avers that *Patrick* "involves an issue, the constitutionality of a juvenile life sentence, which has not been raised or exhausted anywhere." *Id.* In addition, Petitioner stated that he is in the process of filing a motion for new trial in the trial court and that the resolution of that motion will likely implicate his issues he raises in his instant habeas corpus petition. *Id.* Defendant pointed out that Petitioner, to date, has not filed a motion in the state court for a new trial. ECF Dkt. #12 at 7 n.1. However, Petitioner more recently represents that if the Supreme Court of Ohio makes a favorable ruling in *Patrick*, then, after that time, he will seek redress in the state court system. ECF Dkt. #14 at 3, 5.

Previously, district courts were required to dismiss federal habeas corpus petitions containing both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). In light of the AEDPA's establishment of a one-year statute of limitations, coupled with the mixed petition dismissal rule previously established in *Rose*, the Supreme Court has recognized the ability of district courts to stay federal habeas corpus petitions in order to allow petitioners to pursue remedies for unexhausted claims in state court. *Rhines v. Weber*, 544 U.S. 269, 275

---

[1] Online docket available at: http://www.supremecourt.ohio.gov/Clerk/ecms/#/caseinfo/2019/0655.

(2005). Without allowing district courts to stay mixed petitions, petitioners run the risk of forever losing their opportunity for federal review of their unexhausted claims. *Id.*

The Supreme Court also recognized that if employed too frequently, stay and abeyance of mixed federal habeas corpus petitions would undermine the AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings. *Rhines*, 544 U.S. at 277. Frequent use of stay and abeyance would also decrease a petitioner's incentive to exhaust all of his state claims before filing his federal petition. *Id.* For these reasons, the Supreme Court emphasized that stay and abeyance should be available only in limited circumstances. In *Rhines*, the Court gave a three-part analysis to determine when granting a stay is appropriate: (1) The district court must determine that there is good cause for the petitioner's failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 277–278. The parties' briefing on the matter indicate that the instant motion centers on the issue of whether Petitioner provided "good cause" for staying his habeas petition.

Applying this analysis to the instant case, the undersigned recommends that the Court DENY Petitioner's motion to stay his § 2254 proceedings. ECF Dkt. #8. In order to show good cause, a petitioner must show why he failed to use available state remedies timely and appropriately. *See Petkovic v. Clipper*, No. 1:14CV2292, 2015 WL 3948194, at *6 (N.D. Ohio June 26, 2015) (citing *Hodge v. Haeberlin*, 579 F.3d 627 (6th Cir. 2009)). The *Rhines* standard specifically requires good cause to be shown "for the petitioner's failure to exhaust his claims first in state court." *Rhines*, 544 U.S. at 277. In both Respondent's return of writ and in his opposition to Petitioner's motion to stay, Respondent maintains that Petitioner fully exhausted his state court remedies for the four grounds for relief presented in his habeas corpus petition. ECF Dkt. #7 at 31–33; #12 at 4. As such, Respondent concludes that a stay under *Rhines* is inappropriate. ECF Dkt. #12 at 4. The undersigned agrees.

In his motion to stay, Petitioner offers that "good cause" consists of the pending litigation in the Supreme Court of Ohio that could have a bearing on his underlying claim in his fourth ground for relief regarding his sentence. *See* ECF Dkt. #s 8, 14. However, this argument misses the point. First, Petitioner does not mention nor argue that Petitioner failed to exhaust his state court remedies. *See* ECF Dkt. #s 1, 1-1, 8, 14. Second, even assuming Petitioner failed to exhaust his state court remedies, Petitioner provides no explanation as to why Petitioner failed to exhaust his fourth ground for relief. The reason appears to be because Petitioner's counsel filed an untimely appeal from his 26(B) application to reopen. ECF Dkt. #12 at 4. The new pending litigation has no bearing on, nor explains the reasons why, Petitioner may have failed to exhaust his state court remedies. Again, assuming Petitioner failed to exhaust his state court remedies, the existence of the pending litigation in *Patrick* would not excuse Petitioner's failure to exhaust ground four.

In addition, Petitioner's fourth ground for relief centers on ineffective assistance of appellate counsel. An appellate counsel may not be deemed ineffective for failing to anticipate a change in the law. *See, e.g.*, *Thompson v. Warden, Belmont Corr. Inst.*, 598 F.3d 281, 286–88 (6th Cir. 2010); *Lott v. Coyle*, 261 F.3d 594, 609 (6th Cir.2001); *see also Lockhart v. Fretwell*, 506 U.S. 364 (1993) (failure of defendant's trial counsel to raise a federal constitutional issue that was law at the time of trial, but was later overruled, does not constitute ineffective assistance of counsel). Both parties cite to U.S. Supreme Court developments in the law regarding juvenile sentences. *See* ECF Dkt. #s 12, 14; *e.g.*, *Miller v. Alabama*, 567 U.S. 460 (2012) (holding that mandatory life imprisonment without possibility of parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on cruel and unusual punishments); *Roper v. Simmons*, 543 U.S. 551, 125 S. Ct. 1183, 161 L. Ed. 2d 1 (2005) (holding that execution of individuals who were under 18 years of age at time of their capital crimes is prohibited by Eighth and Fourteenth Amendments); *Graham v. Fla.*, 560 U.S. 48 (2010), *as modified* (July 6, 2010) (holding that the Eighth Amendment prohibits imposition of life without

parole sentence on juvenile offender who did not commit homicide, and the state must give juvenile nonhomicide offender sentenced to life without parole a meaningful opportunity to obtain release). Although there is a trend for greater protection of juvenile offenders, O.R.C. § 2929.02(A) is currently valid, unless deemed otherwise by the Ohio Supreme Court or by Ohio's legislature. Accordingly, a favorable decision in *Patrick* will not change Petitioner's fourth habeas ground of relief regarding ineffective assistance of counsel.

Moving forward with the instant habeas corpus petition will not prejudice Petitioner if the Supreme Court of Ohio issues a decision in *State v. Patrick*, 2019-0655, that has a direct bearing on Petitioner. Depending on the decision of the high court, Petitioner may nevertheless be able to return to state court, if retroactive relief is deemed appropriate, despite having a pending habeas corpus petition in federal court. For the aforementioned reasons, the undersigned recommends that the Court find that Petitioner failed to present good cause for not exhausting his state court remedies. Further, the undersigned recommends that the Court DENY Petitioner's motion to stay his § 2254 proceedings. ECF Dkt. #8.


Date:   January 22, 2020                              */s/ George J. Limbert*
                                                      GEORGE J. LIMBERT
                                                      U.S. MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).