# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JAMES ALEXANDER, | ) | Case No.: 1:19 CV 234 |
| Petitioner | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| WARDEN CHAE HARRIS, | ) | |
| Respondent | ) | ORDER |

Currently pending before the court in the above-captioned is Petitioner James Alexander's ("Petitioner") Motion to Stay Proceedings ("Motion to Stay"). (ECF No. 8.) Petitioner filed, through counsel, the Motion to Stay on October 3, 2019; Respondent opposed the Motion to Stay on January 6, 2020; and Petitioner replied on January 8, 2020 (ECF Nos. 8, 12, 14).

The Motion to Stay seeks to hold Petitioner's federal habeas proceedings in abeyance pending a decision from the Ohio Supreme Court in *State v. Patrick*, No. 2019-0655 (Ohio filed May 13, 2019). Petitioner filed, through counsel, the underlying Petition for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2254, on January 30, 2019. (ECF Nos. 1, 1-1.) In accordance with Local Rule 72.2, the court referred the matter to Magistrate Judge George J. Limbert ("Magistrate Judge" or "Judge Limbert") for a Report and Recommendation ("R & R").

Judge Limbert issued an Interim R & R on January 22, 2020, recommending that the court deny Petitioner's Motion to Stay. (ECF No. 15.) Petitioner did not file any objections to the Interim R & R, and the Motion to Stay is now ripe for review.

When considering a mixed habeas petition—*i.e.,* one with both exhausted and unexhausted claims—it is appropriate for a district court to stay the proceedings if the petitioner shows: (1) good cause for their failure to exhaust; (2) the unexhausted claims are not plainly meritless; and (3) they did not engage in intentionally dilatory litigation tactics. *Rhines v. Weber*, 544 U.S. 269, 278 (2005). Applying this framework, Judge Limbert concludes that Petitioner does not meet the *Rhines* requirements. The Interim R & R explains that Petitioner fails the first factor because he "fully exhausted his state court remedies for the four grounds for relief presented in his habeas corpus petition." (Interim R & R at PageID #3214, ECF No. 15.) In the alternative, even if Petitioner failed to exhaust all of his claims, Judge Limbert recommends denying the Motion to Stay because Petitioner did not show good cause for that failure. (*Id.* at PageID #3215.) The Magistrate Judge also notes that "a favorable decision in *Patrick* will not change Petitioner's fourth habeas ground of relief regarding ineffective assistance of counsel" because failure to anticipate a change in the law does not give rise to an ineffective assistance claim. (*Id.* at PageID #3215–16.) Furthermore, Judge Limbert concludes that Petitioner will not be prejudiced by the federal habeas proceedings moving forward because he still may be able to pursue relief in state court if the outcome in *Patrick* is favorable to him.

After a careful review of the record and the Interim R & R, the court finds that Judge Limbert's recommendations are fully supported by the law and facts of this case. Thus, they are well-

taken, and the court adopts as its own Judge Limbert's Interim R & R for the reasons stated therein. (ECF No. 15.) The court hereby denies Petitioner's Motion to Stay.

 IT IS SO ORDERED.

              */s/ SOLOMON OLIVER, JR.*
              UNITED STATES DISTRICT JUDGE

February 7, 2020