UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES ALEXANDER, | ) | Case No.: 1:19 CV 234 |
| | ) | |
| Petitioner | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| CHAE HARRIS, Warden, | ) | |
| | ) | |
| Respondent | ) | ORDER |

Currently pending before the court in the above-captioned case is Petitioner James Alexander's ("Petitioner" or "Alexander") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). (ECF No. 1.) Under Local Rule 72.2, the court referred the matter to Magistrate Judge Darrell A. Clay ("Magistrate Judge" or "Judge Clay") for a Report and Recommendation ("R & R"). For the following reasons, the court adopts Judge Clay's R & R that the Petition be denied in its entirety.

On January 30, 2019, Alexander filed the Petition challenging his conviction and sentence in state court for aggravated murder, burglary, and other charges. (*See* R &R at PageID #3534, ECF No. 25.) As a result of the conviction, Alexander was sentenced to fifty-six (56) years imprisonment to life, with the possibility of parole, on seventeen (17) counts. (*Id.*) Alexander filed several appeals in state court to no avail. (*Id.* at PageID #3536–38.) The Petition asserts the following grounds for relief:

> GROUND ONE: Petitioner's joint trial with his older and more culpable codefendant violated his right to due process and a fair trial.
>
> GROUND TWO: The State of Ohio violated Alexander's rights to due process and a fair trial by permitting one of its witnesses to vouch for the credibility of another essential prosecution witness.

> GROUND THREE: State Appellate Counsel was ineffective for failing to appropriately challenge the admissibility of improper, unreliable, and prejudicial evidence when he challenged its introduction on direct appeal, and, thereby, violated Alexander's right to due process.
>
> GROUND FOUR: State Appellate Counsel was ineffective where he failed to argue that trial counsel should have challenged the constitutionality of R.C. 2929.02(A)'s mandatory sentencing provision as applied to Alexander where it requires the trial court to impose a life sentence notwithstanding his juvenile status and the fact that, at worst, he played only a secondary role in the underlying misconduct.

(*Id.* at PageID #3539–40.) On June 13, 2019, Respondent Warden Chae Harris filed an Answer/Writ (ECF No. 7). Subsequent to the filing of the Petition, Return of Writ, and Traverse in this matter, the Ohio Supreme Court decided *State v. Patrick*, 172 N.E. 3d 952 (2020), which held that "a trial court must separately consider the youth of a juvenile offender as a mitigating factor before imposing a life sentence under R.C. 2929.03, even if that sentence includes eligibility for parole." As such, Judge Clay directed the parties to submit supplemental briefs addressing the impact, if any, of the *Patrick* decision on Petitioner's Fourth Ground for Relief. Respondent filed his Supplemental Brief (ECF No. 23) on January 12, 2022. Alexander filed his Supplemental Brief (ECF No. 24) on January 18, 2022.

Judge Clay submitted his R & R (ECF No. 25) on February 18, 2022, recommending that the court deny the Petition in its entirety and deny Alexander's request for a hearing. (R & R at PageID #3529, ECF No. 25.) As to Ground One, Judge Clay concluded that "[i]n the end, Mr. Alexander has not shown that his joint trial with Mr. Wilson resulted in a fundamentally unfair trial." (*Id.* at PageID #3548.) Moreover, Judge Clay determined that Alexander failed to demonstrate that he was actually prejudiced by the joint trial. (*Id.*) As for Ground Two, the R & R found that Alexander's state laws arguments were not cognizable, and that he failed to meet his burden under federal law, because "federal courts "will not review a question of federal law decided by a state court if the decision of

that court rests on a state law ground that is independent of the federal question and independent to support the judgment.'"' (*Id.* at PageID #3552) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). Next, with respect to Ground Three, in reviewing the record, Judge Clay found that Alexander's counsel did in fact challenge the trial court's decision to admit evidence concerning potential gang affiliation, and that the admission of said evidence did not deprive Alexander of a fair trial. (*Id.* at PageID #3554.) Finally, Judge Clay determined that Alexander's fourth Ground for relief was procedurally defaulted because he failed to present the argument to the highest state court. (*Id.* at PageID #3555.) Further, he did not show cause for such default. However, after considering the merits of his claim, the Magistrate Judge found that his sentence of fifty-six (56) years to life without a possibility of parole, did not violate the Eighth Amendment, and thus was without merit.

After careful *de novo* review of the R & R, the parties' arguments, and all relevant materials in the record, the court finds that Judge Clay's recommendations are fully supported by the record and controlling case law. *See Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). Accordingly, the court adopts Judge Clays R & R (ECF No. 25) in its entirety and denies and dismisses the Petition. The court also certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

March 31, 2022